Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
SONY BMG MUSIC ENTERTAINMENT;
INTERSCOPE RECORDS; CAROLINE
RECORDS, INC.; VIRGIN RECORDS
AMERICA, INC.; WARNER BROS. RECORDS
INC.; UMG RECORDINGS, INC.; and CAPITOL
RECORDS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; INTERSCOPE RECORDS, a California general partnership; CAROLINE RECORDS, INC., a New York corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and CAPITOL RECORDS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>        Defendant. | CASE NO. 3:08-CV-01042-MHP<br><br>Honorable Marilyn Hall Patel<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [PROPOSED] ORDER** |

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days – until September 18, 2008 – to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case, but do not have sufficient time to file and serve Defendant with their amended complaint naming Defendant individually before the current deadline for service expires.  In support of their request, Plaintiffs state as follows:

1.      The current deadline for service of process is June 20, 2008.  The initial case management conference is set for August 4, 2008, at 4:00 p.m., as continued by the Court on June 5, 2008, when the case was reassigned to Honorable Judge Patel.

2.      Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #5 ("Defendant") on February 21, 2008.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, University of California, Santa Cruz.

3.      In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on February 21, 2008, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4.      The Court entered an Order for Leave to take Immediate Discovery on February 28, 2008, which was served upon the ISP along with a Rule 45 subpoena.  On April 16, 2008, the ISP responded to Plaintiffs' subpoena, identifying Marcos Cronander and providing Plaintiffs with contact information including Mr. Cronander's telephone number and address.

5.      After receiving this information from the ISP, Plaintiffs sent a letter to Mr. Cronander on April 20, 2008, notifying him of their claims for copyright infringement and encouraging him to make contact to attempt to amicably resolve this matter.  Plaintiffs's settlement representatives also called Mr. Cronander and left voice messages on May 13, May 14, and May 19,

1

2008. Mr. Cronander did not contact Plaintiffs, and Plaintiffs have therefore been unable to settle this matter.

6. Plaintiffs have prepared a First Amended Complaint naming Mr. Cronander individually as the defendant and intend to file the same. However, it appears that Plaintiffs will not be able to serve the First Amended Complaint by the current service deadline. Therefore, Plaintiffs respectfully request an additional 90 days to effectuate service.

7. Plaintiffs submit that their efforts to give written notice to Mr. Cronander of their claim and subsequent efforts to contact him and resolve the case before naming him in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). Here, Plaintiffs have acted in good faith to try to settle this matter with Mr. Cronander without potentially damaging his credit by naming him in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

9. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: June 20, 2008                               HOLME ROBERTS & OWEN LLP


                                                    By:  ____*/s/ Dawniell Alise Zavala*_____
                                                         DAWNIELL ALISE ZAVALA
                                                         Attorney for Plaintiffs

2

*EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [PROPOSED] ORDER
Case No. 3:08-CV-01042-MHP
#38367 v1

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to September 18, 2008.

Dated: _____        By: _____
                                                                Honorable Marilyn Hall Patel
                                                                United States District Judge